**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALEX MANON, | : | CIVIL NO. 1:CV-05-1604 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| JOSEPH V. SMITH, WARDEN, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Alex Manon ("Manon"), an inmate confined to the United States Penitentiary at Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to be transferred to a community corrections center ("CCC") for the final six months of his term of incarceration. (Doc. 1). The petition has been given preliminary consideration as it is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).[1] For the reasons outlined below, it is appropriate to deny the petition at this preliminary stage of the proceedings.

I. Background.

According to Manon, he was originally informed that he would be reviewed for CCC placement eleven to thirteen months prior to his projected release date of April 6, 2006, and at that time a date would be set for his eligibility of placement in CCC. (Doc. 1-1, p. 3). Subsequently, he was informed by a unit team member

---

[1] The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. R. GOVERNING § 2254 CASES R.4 (applicable to petitions under 28 U.S.C. §2241 in the discretion of the court. *Id*. at R. 1(b).

that he would be placed in CCC sixty days prior to his release date. (*Id*.).   Through the administrative remedy procedure, he learned that he was recommended for 120 days placement in CCC, but that the packet of information containing the recommendation needed to be forwarded to the Warden and subsequently to the Community Corrections Manager for approval. (Doc. 1-2, p. 4).

Manon is seeking an order directing the Bureau of Prisons to approve him for placement in a CCC for a minimum period of six months.

II. Discussion.

The statutory authority for placement of an inmate in prerelease custody near the end of his sentence is 18 U.S.C. § 3624(c), which provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's return into the community.

The above does not create an automatic placement in a CCC for a six month period.[2]  Inmates are to be

---

[2] The customary practice of the BOP was to consider prisoners for placement in CCCs for as much as the last six months of their sentences, even if this occurred before the prisoner had served 10 % of his sentence. However, on December 20, 2002, the BOP adopted a policy limiting a prisoner's CCC placement to the lesser of 10% of a prisoner's sentence or six months. 18 U.S.C. § 3624(c). *See Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004). Before the policy change, a prisoner was eligible for up to 6 months of CCC custody, even if the 6 months constituted more than 10% of the prisoner's sentence. *Id*. A flurry of litigation followed the policy change and many courts rejected the new policy. In response, the BOP adopted new regulations which now provide that: "'The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.' 28 C.F.R. § 570.21(a). The amended rule allows for exceptions only when other statutes allow for placements exceeding six months or ten percent of the sentence. § 570.21(b) (providing examples of potential exceptions-residential substance abuse treatment program, 18 U.S.C. § 3621(e)(2)(A), and shock incarceration program, 18 U.S.C. § 4046(c))." *Bilinsky v. Federal Bureau of Prisons*, 2005 WL 1475558, *3 (D.N.J. 2005).

considered for release to a community confinement center for the final six months of their term of imprisonment, but are not entitled to release to a CCC for the final six months of their term of imprisonment. *Fagiolo v. Smith*, 326 F. Supp.2d 589, 591 (M.D.Pa.,2004)(citing *Serafini v. Dodrill*, 325 F. Supp. 2d 535, 536-38 (M.D. Pa. 2004); *see also Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004); *Gambino v. Gerlinski*, 96 F. Supp. 2d 456, 459-60 (M.D.Pa.), *aff'd,* 216 F.3d 1075 (3d Cir. 2000)).  It is clear from the administrative remedy documents attached to the complaint that Manon was considered for CCC placement for the final six months of his imprisonment.  Specifically, Manon was advised as follows:

> CCC criteria and Referral Guidelines indicates, staff shall make recommendations for CCC placement based on assessments of inmate needs, <u>Public Safety</u>, and the necessity of the Bureau of Prisons to manage it's [sic] inmate population. Community Correction Centers are a program element and are not to be used as a reward for good institutional behavior, although an inmate's institutional adjustment may be a factor in making a referral determination.  Based on your institutional records and needs, your Unit Team has determined and recommended you for 120 days placement in a CCC.  Although you are <u>eligible</u> for placement in a CCC for 180 days, it has been determined that 120 days will be sufficient to meet your needs.

(Doc. 1-2, p. 4) (emphasis in original).  As the BOP considered Manon for placement in a CCC for a period of six months, there is no basis for interfering with the BOP's decision. Manon's request for habeas corpus relief will be denied.

III. Order.

**AND NOW**, this 31st day of August 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**;

3. The Clerk of Court is directed to **CLOSE** this case.

           S/ Yvette Kane
      Yvette Kane
      United States District Judge